UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| KELLY BIGGS, | ) | |
|---|---|---|
| Plaintiff | ) | |
| vs. | ) | No.: 20 CV 50360 |
| JOSEPH BIGGS, | ) | |
| Defendant. | ) | |

**MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

NOW COMES THE DEFENDANT, Joseph Biggs, by and through his attorney The Law Office of John W. Gaffney, and moves this Honorable Court, pursuant to Federal Rule Of Civil Procedure 12(b)(6), to dismiss the Plaintiff's amended complaint and in support thereof, states as follows:

**INTRODUCTION**

On September 25, 2020, the Plaintiff filed a three count complaint (alleging diversity jurisdiction) against the Defendant, solely presenting Illinois state law claims for assault, battery and intentional infliction of emotional distress, based upon allegations dating between August 18,

2013 and September 4, 2016. On February 5, 2021, the Plaintiff filed an amended complaint, essentially alleging the same facts, but adding additional allegations encompassing alleged verbal threats made between June 24, 2018 and December of 2018. As will be explained further, the Plaintiff's amended complaint does not state a claim upon which relief can be granted, as the Plaintiff's state law claims are beyond the applicable Illinois statute of limitations. The amended complaint should be dismissed.

### **FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) ALLOWS FOR THE DISMISSAL OF A COMPLAINT BROUGHT AFTER THE EXPIRATION OF THE APPLICABLE STATUTE OF LIMITATIONS**

As noted above, the amended complaint filed by the Plaintiff does not allege any federal cause of action, but only alleges Illinois state law claims brought before this court on the basis of diversity of the parties. Therefore, the applicable statute of limitations in this matter would be governed by Illinois state law. Dornhecker v. Ameritech Corp., 99 F. Supp. 2d 918, 932 (N.D. Ill. 2000). A motion to dismiss based on a statute of limitations defense is properly brought under Rule 12(b)(6). Although the statute of limitations is an affirmative defense, a court may dismiss a claim as time-barred if the complaint sets forth the necessary information to show that the statute of limitations has expired. Tobey v. Chibucos, 890 F.3d 634, 645 (7th Cir. 2018); Brooks v. Ross, 578 F.3d 574, 579 (7th Cir. 2009); United States v. Lewis, 411 F.3d 838, 842 (7th Cir. 2005).

## THE APPLICABLE STATUTE OF LIMITATIONS IN THIS MATTER IS TWO YEARS

The law regarding the statute of limitations in this matter is unambiguous. Pursuant to the Illinois Code of Civil Procedure:

Actions for damages for an injury to the person...shall be commenced within 2 years next after the cause of action accrued...

735 I.L.C.S. § 5/13-202, see also, Brooks v. Ross, 578 F.3d 574, 2009 WL 2535731 (7th Cir. 2009).

As a general matter, under Illinois law, a cause of action accrues and the "limitations period begins to run when facts exist that authorize one party to maintain an action against another." Feltmeier v. Feltmeier, 207 Ill. 2d 263, 278, 798 N.E.2d 75, 85 (Ill. 2003). Under the traditional rule of accrual, a tort cause of action accrues, and the statute of limitations commences to run, when the wrongful act or omission results in damages, even though the full extent of the injury is not then known or predictable. Wallace v. Kato, 549 U.S. 384 (2007), Bridewell v. Eberle, 730 F.3d 672, 678 (7th Cir. 2013); Grayson v. City of Aurora, 157 F. Supp. 3d 725, 747 (N.D. Ill. 2016).

## THE FILING OF THE PLAINTIFF'S COMPLAINT IS FAR BEYOND THE APPLICABLE TWO YEAR STATUTE OF LIMITATIONS

It is apparent from the face of Plaintiff's amended complaint that all three causes of action pled by the Plaintiff are well beyond the two year Illinois statute of limitations. The

Plaintiff's complaint alleges that the Defendant first became physically abusive towards the Plaintiff after their marriage on August 17, 2013. See, Plaintiff's Complaint, p. 2, ¶ 5. The Plaintiff then alleges either acts of physical abuse or threats to the Plaintiff by the Defendant beginning on August 18, 2013 and ending at an unspecified date in 2017. See, Plaintiff's Complaint, p. 2-3. Specifically, the Plaintiff alleges (among other things) that the Defendant tattooed her against her will on October 14, 2014 and forced her to undergo a tubal ligation on September 4, 2016. See, Plaintiff's Complaint, p. 2, ¶ 12, p. 3, ¶ 24. The last date of any allegation of direct threats or physical force by the Defendant to the Plaintiff is Plaintiff's vague assertion that "the Defendant continued to physically attack Plaintiff throughout 2017". See, Plaintiff's Complaint, p. 3. ¶ 28. A reasonable inference from the Plaintiff's complaint is that such abuse could have occurred no later than December 31, 2017. The Plaintiff's amended complaint goes on to allege statements made by the Defendant to other persons in 2018, but does not allege any act of assault, battery or a direct threat made to the Plaintiff after 2017.

Applying the Illinois statute of limitations, a plain reading of the Plaintiff's complaint would dictate that the Plaintiff's causes of action for assault and/or battery based upon the alleged tattooing would have expired no later than October 14, 2016. The Plaintiff's causes of action for assault and/or battery based upon the alleged tubal ligation would have expired no later than September 4, 2018, and the claims for assault and/or battery based upon the alleged non-specified abuse throughout 2017 would have expired, at the very latest, on December 31, 2019. All of the other alleged abuse (alleged to have occurred in 2013, 2014 and 2015) would all have occurred well before even the earliest of those dates. Given that the Plaintiff's cause of action for each of the torts claimed expired well before the filing date of September 25, 2020, at

best the Plaintiff's complaint was filed nearly eight months after the expiration of the latest of Plaintiff's claims from 2017, more than five years for any claim related to the alleged tattooing in 2014 and more than four years from the alleged tubal ligation in 2016, all clearly beyond the applicable statute of limitations. As such, the Plaintiff's complaint fails to allege a claim for which relief can be granted and the complaint should be dismissed pursuant to Federal Rule of civil Procedure 12(b)(6).

### **THE PLAINTIFF'S CITATION TO FELTMEIR V. FELTMIER DOES NOT OPERATE TO EXTEND THE STATUTE OF LIMITATIONS ON THE PLAINTIFF'S BATTERY AND ASSAULT CLAIMS**

In an attempt to extend the statute of limitations on the assault and battery claims, the Plaintiff alleges that "Defendant's conduct constitutes a single course of continuing conduct pursuant to Feltmeier v. Feltmeier, 207 Ill. 2d 263, 265 (Ill. 2003)". In that case, the Illinois Supreme Court held that the applicable statute of limitations for intentional infliction of emotional distress (that being two years) may be extended under the theory of "a continuing tort" and the statute of limitations begins to run at the time the last injurious act occurs or the conduct is abated. Feltmeier, 207 Ill.2d at 278. However, the Court explicitly limited the application of the rule in it's holding, stating:

At this juncture, we believe it important to note what does not constitute a continuing tort. A continuing violation or tort is occasioned by continuing unlawful acts and conduct, not by continual ill effects from an initial violation. Thus, where there is a single overt act from which subsequent damages may flow, the statute begins to run on the date the defendant invaded the plaintiff's interest and inflicted injury, and this is so despite the continuing nature of the injury.

Feltmeier, 207 Ill.2d at 279-80.

Whether the continuing tort rule applies depends on the type of tort alleged. Kidney Cancer Association v. North Shore Community Bank and Trust Company, 869 N.E.2d 186, 373 Ill.App.3d 396 (Ill. App. 2007). When each discrete wrongful act provides a basis for a cause of action, the defendant's alleged repeated actions do not constitute a continuous whole, as nothing about the repeated or ongoing nature of that conduct affects the nature or validity of the Plaintiff's claim. Kidney Cancer Ass'n, 869 N.E.2d at 194. Where there is a single overt act from which subsequent damages may flow, the statute begins to run on the date the defendant invaded the plaintiff's interest and inflicted injury, and this is so despite the continuing nature of the injury. Brooks v. Ross, 578 F.3d 574, 2009 WL 2535731 (7th Cir. 2009).

In the present case, count I and Count II of the Plaintiff's amended complaint specifically allege either assault or battery, relying on the allegation that the Defendant tattooed her against her will on October 14, 2014 and forced her to undergo a tubal ligation on September 4, 2016. See, Plaintiff's Complaint, p. 2, ¶ 12, p. 3, ¶ 24. Nothing in the Plaintiff's amended complaint alleges any act of assault or battery occurring after 2017. At the very least, the allegations of assault and battery constitute a specific wrongful act which provided a basis for a cause of action at the time they allegedly occurred. The continuing tort rule would not apply to those allegations, as the cause of action ripened at the time of the alleged assault or battery. As in Brooks, the Plaintiff's reliance on the continuing tort rule would not serve to extend the statute of limitations on the claims in Count I and Count II of the amended complaint, as the applicable statute of limitations began to run on the date the defendant invaded the plaintiff's interest and inflicted injury. Therefore, the allegations of Count I and Count II of the Plaintiff's complaint are well beyond the Illinois statute of limitations, and those counts should be dismissed.

WHEREFORE, the Defendant, Joseph Biggs, prays this Honorable Court to dismiss the Plaintiff's complaint in full and award attorneys fees and court costs for the defense of this suit.

                        Respectfully Submitted,

          By:      _____
                        **JOHN W. GAFFNEY**
                        Attorney for Defendants

Prepared by:

**JOHN W. GAFFNEY (06201141)**
The Law Office of John W. Gaffney
67 North Ayer Street, Suite 101
Harvard, Illinois   60033
(815) 943-0900
Attorney Number: 6201141